# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| FURNITUREDEALER.NET, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and COA, INC. d/b/a COASTER COMPANY OF AMERICA,<br><br>Defendants. | Civil No. 18-232 (JRT/HB)<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE** |

Eric T. Cooperstein, **LAW OFFICE OF ERIC T. COOPERSTEIN, PLLC**, 2600 U.S. Bankcorp Center, 800 Nicollet Mall, Minneapolis, MN 55402, for plaintiff.

Jason R. Asmus, Richard G. Mark, and Michael M. Lafeber, **BRIGGS AND MORGAN, P.A.,** 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402.

Daniel M. Cislo and Mark D. Nielsen, **CISLO & THOMAS, LLP,** 12100 Wilshire Boulevard, Suite 1700, Los Angeles, CA 90025, and Robert J. Gilbertson and Holley C. Horrell, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402, for Defendant COA, Inc.

Adam R. Steinert, **FREDIKSON & BYRON**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, and Joseph C. Gratz, **DURIE TANGRI LLP**, 217 Leidesdorff Street, San Francisco, CA 94111, for Defendant Amazon.com, Inc.

Plaintiff FurnitureDealer.net ("FurnitureDealer") objects to the Magistrate Judge's Order granting Briggs and Morgan, PA's ("Briggs") Motion to Withdraw due to a current conflict of interest. (Docket No. 194.) FurnitureDealer also requested a limited amendment to the Magistrate Judge's Order, requesting a modification of the timeline to

obtain new counsel. (Docket No. 189.) Because the Magistrate Judge's Order was not clearly erroneous or contrary to law, the Court will overrule Plaintiff's objections and affirm the Magistrate Judge's Order but will grant FurnitureDealer a limited modification of the timeline to obtain new counsel.

## DISCUSSION

The seeds of the current dispute sprouted when a conflict of interest was identified due to a prospective merger between Briggs and another firm, Taft Stettinius & Hollister, LLP ("Taft"), which subsequently led to a breakdown of the attorney-client relationship. (Mem. Supp. at 2, Oct. 16, 2019, Docket No. 165.) Briggs moved to withdraw as counsel for FurnitureDealer on October 16, 2019. (Mot. to Withdraw, Oct. 16, 2019, Docket No. 162.) The Magistrate Judge granted Briggs's motion. (Order at 2, 4, Nov. 7, 2019, Docket No. 182.) FurnitureDealer now objects, appearing to argue that Briggs must seek consent from Amazon to continue representing FurnitureDealer and, if Amazon declines to consent, the merged Briggs/Taft firm must no longer represent Amazon on any matter at all. (Obj. to Order at 2–3, Dec. 9, 2019, Docket No. 194.) FurnitureDealer also makes a limited objection to the timeline granted by Magistrate Judge for FurnitureDealer to obtain new counsel. (Obj. to Order at 8–10, Nov. 21, 2019, Docket No. 189.)

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).

The Court finds no error in the Magistrate Judge's decision to allow Briggs to withdraw as counsel. "The decision to allow counsel to withdraw is left to the discretion" of the Court. *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994). Here, the Magistrate Judge found that Briggs notified FurnitureDealer of its Motion to Withdraw and made a showing of good cause to withdraw due to a current conflict of interest. (Order at 2.) This meets the District of Minnesota Local Rule 83.7(c) requirement to withdraw.

Further, the cases cited by FurnitureDealer in their objection are inapplicable and do not establish that the Magistrate Judge's Order is contrary to law. The cases FurnitureDealer relies on deal with situations where a law firm attempts to litigate against a former client in a different matter, or when a law firm attempts to represent two clients adverse to each other in the same matter.[1] The merged Briggs/Taft firm does not represent Amazon in this matter so it is not directly adverse to FurnitureDealer, nor is the merged Briggs/Taft firm attempting to litigate another matter against FurnitureDealer.

Additionally, the Court finds no error in the timeline set forth by the Magistrate Judge's Order.[2] Even so, in the spirit of the Magistrate Judge's ruling, the Court will grant FurnitureDealer a brief stay in accordance with stay authorized by Magistrate Judge. Thus,

---

[1] *See Picker Inter., Inc. v. Varian Assoc.*, 869 F.2d 578, 580 (Fed. Cir. 1989) (noting that "Varian filed a motion to disqualify Jones Day as Picker's counsel in the pending litigation between Picker and Varian" in Ohio and also moved to disqualify Jones Day as counsel in another matter between the two parties in Utah); *S. Visions, LLP v. Red Diamond, Inc.* 370 F. Supp. 3d 1314, 1324–29 (N.D. Ala. 2019) (discussing a situation where a law firm was representing two clients directly adverse to one another); *W. Sugar Coop. v. Archer-Daniels-Midland Co.*, 98 F. Supp. 3d 1074, 1084 (C.D. Cal. 2015) (same).

[2] FurnitureDealer also requests that the Court schedule a hearing on their objections. (Letter, Jan. 6, 2020, Docket No. 200.) The Court finds that a hearing is not necessary and will deny FurnitureDealer's request.

all discovery and deadlines from the date of this Order are stayed until the Magistrate Judge enters an amended pretrial scheduling order, with discovery recommencing no later than February 28, 2020 unless agreed to otherwise. This stay is to afford FurnitureDealer thirty days, per the Magistrate Judge's Order, to obtain new counsel from the effective date of withdrawal without discovery re-commencing when it is unrepresented. To the extent the parties object to the rest of the Magistrate Judge's Order, the Court overrules the objections.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. FurnitureDealer's Objection [Docket No. 189] is **OVERRULED**;

2. FurnitureDealer's Objection [Docket No. 194] is **OVERRULED** and;

3. The Magistrate Judge's November 7, 2019, Order [Docket No. 182] is **AFFIRMED consistent with this Order**.

DATED: January 21, 2020  
at Minneapolis, Minnesota.

                                                          JOHN R. TUNHEIM  
                                                          Chief Judge  
                                        United States District Court