UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FURNITUREDEALER.NET, INC.,

                      Plaintiff,

v.

AMAZON.COM, INC. and COA, INC.,
*d/b/a Coaster Company of America*,

                      Defendants.

Civil No. 18-232 (JRT/HB)

REDACTED MEMORANDUM OPINION AND ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE

---

Christopher K. Larus and John K. Harting, **ROBINS KAPLAN LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, for plaintiff.

Joseph C. Gratz, Samuel Zeitlan, and Vera Ranieri, **DURIE TANGRI LLP**, 217 Leidesdorff Street, San Francisco, CA 94111; and Adam R. Steinart, **FREDRIKSON & BYRON PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, for defendant Amazon.com, Inc.

Mark D. Nielsen, **CISLO & THOMAS LLP**, 12100 Wilshire Boulevard, Suite 1700, Los Angeles, CA 90025; and Holley C. M. Horrell, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402, for defendant COA, Inc.

On November 13, 2020, the Magistrate Judge, ruling from the bench, denied Plaintiff's Motion to Compel Amazon.com, Inc. ("Amazon") to supplement its response to Interrogatory No. 2 regarding certain product descriptions. Plaintiff now appeals. Because the Magistrate Judge's denial of the Motion was neither clearly erroneous nor

contrary to law, the Court will deny Plaintiff's appeal and affirm the Magistrate Judge's November 13, 2020 order.

## BACKGROUND

This is a case of copyright infringement in which Plaintiff asserts that Defendants, Amazon and COA, Inc. ("Coaster"), copied Plaintiff's product descriptions and widely distributed them on Amazon's detail pages for Coaster products. (*See* Am. Compl. ¶¶ 8–16, May 14, 2018, Docket No. 6.)

During discovery, Plaintiff served the following interrogatory, Interrogatory No. 2 (the "Interrogatory"), on Amazon:

> For each Amazon Standard Identification Number ("ASIN") or Amazon product page identified in response to Interrogatory No. 1, identify any descriptive text utilized at any time therewith to describe and/or promote such Coaster product under the Amazon heading "Product Description", [sic] the source of such descriptive text, the manner in which such descriptive text was added, the dates such descriptive text was utilized with such ASIN or Amazon product page, and all documents and communications evidencing or confirming the source of such descriptive text.

(Decl. of John K. Harting ("Harting Decl.") ¶ 6, Ex. 4 ("Response") at 9, Sept. 22, 2020, Docket No. 325-4.) In response, Amazon attached an appendix, which included "what descriptive text was used under the 'Product Description' heading'" for Coaster products, the dates on which this text was uploaded on Amazon's systems, and the source of the text's information, to the extent currently known to Amazon. (Response at 11.) Amazon also attached an appendix containing **[REDACTED]**. (*Id.* at 11–12.) Other appendices

containing additional product descriptions were also included, as was data associated with how product descriptions might be selected to be displayed on product detail pages. (*See id.* at 12–13, 14–24.)

When responding, Amazon also noted that **[REDACTED]**. (*Id.* at 12.) Additionally, Amazon stated that **[REDACTED]**, but, pursuant to Rule of Civil Procedure 33(d), Amazon had instead identified a document that described the data flow for text stored in Amazon's systems for potential use on Amazon's detail pages under product description headings. (*Id.* at 13–14.)

In sum, Amazon provided data indicating what descriptive text could have been displayed for Coaster products, while also indicating that it was **[REDACTED]**, as **[REDACTED]**. (*See* Decl. of Samuel J. Zeitlin ¶ 3, Ex. 1 at 16:3–13, 120:7–122:6, Oct. 28, 2020, Docket No. 350-1; Decl. of Vera Ranieri ¶ 3, Sealed Ex. 1 ("Expert Report") ¶¶ 216–17, Dec. 14, 2020, Docket No. 391.)

Later, during a teleconference with the Magistrate Judge on August 28, 2020, Plaintiff's counsel thought that Amazon's counsel represented that "product descriptions included in [an appendix] were actually used to dynamically populate Amazon product detail pages," so Plaintiff then demanded "a sworn interrogatory response that affirmatively states the product descriptions [from the appendix] were actually used when customers visited the corresponding product detail pages." (Harting Decl. ¶ 4, Ex. 2 ("Email Chain") at 5, 11, 13, 15, 22, Sept. 22, 2020, Docket No. 325-2.) Though no

mention was made of such a disclosure by Amazon in the minutes, (*see* Aug. Minute Entry, Aug. 28, 2020, Docket No. 309), Plaintiff was confident that the Magistrate Judge also understood Amazon to have admitted that the appendix's product descriptions were actually used on product detail pages. (*See* Email Chain at 13.)

Amazon's counsel replied to Plaintiff's demand by stating that the relevant information had already been provided and that such information had also been the subject of deposition questioning, both of which "formed the basis for [his] statement about determining what would have been displayed under the heading 'Product Description' if that page had been viewed on a particular day," and asked how his assertions to the Court in August were any different from his assertion now. (Email Chain at 5, 12, 14.) Amazon's counsel also stated that he would provide Plaintiff's counsel "with pointers to the documents and testimony that form the basis for [his] statement." (*Id.* at 21.) Plaintiff responded by asking Amazon again to confirm that the provided product descriptions "were actually used," and further stated that, if Amazon would not, then Plaintiff would move to compel such an affirmation. (*Id.* at 4.)

On September 22, 2020, Plaintiff did precisely this, moving the Magistrate Judge to compel Amazon to affirm that the provided product descriptions were actually used, (Mot. Compel, Sept. 22, 2020, Docket No. 320), and a hearing was held on November 13, 2020, (Nov. Minute Entry, Nov. 13, 2020, Docket No. 366.) During the hearing, the Magistrate Judge first noted that what Plaintiff was seeking was "a request for

admission," but Amazon was allowed under Rule of Civil Procedure 33(d) to respond to the interrogatory as it had, by providing business documents. (Sealed Tr. at 12:18-21, Nov. 24, 2020, Docket No. 374.)

Then, ruling from the bench, the Magistrate Judge denied the motion with respect to Plaintiff's request to compel Amazon to supplement its response to the Interrogatory. (Minute Entry.) She did so after finding that:

> Amazon has stated that it doesn't have the answer[,] doesn't keep that answer to the question in the ordinary course of business; nor is the answer [] known to anyone at Amazon; that it has given [Plaintiff] the responsive information that it has pursuant to Rule 33(d); that it doesn't have additional information that would allow Amazon to derive a more complete answer to [the Interrogatory] than can [Plaintiff] based on the information provided; and that the burden of deriving or ascertaining the answer would be substantially the same for either party [and] that Amazon has met its obligation under Rule 33(d) with respect to [the Interrogatory]."

(Sealed Tr. at 53:12-23.)

On November 30, 2020, Plaintiff appealed the Magistrate Judge's order,[1] arguing that the Magistrate Judge clearly erred, as Amazon could supplement its response to the Interrogatory to affirm that the product descriptions it has produced would have actually appeared on product detail pages, and that the burden of deriving or ascertaining the

---

[1] Though Plaintiff styles its challenge as an "objection," challenges to nondispositive issues are appeals, to be granted or denied, whereas challenges to dispositive issues are objections, to be sustained or overruled. The issue in dispute here is nondispositive and, thus, Plaintiff's challenge is an appeal of the Magistrate Judge's order.

answer to the Interrogatory would be less for Amazon than it would be for Plaintiff. (Sealed Objs., Nov. 30, 2020, Docket No. 375.)

**DISCUSSION**

**I. STANDARD OF REVIEW**

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). To be clearly erroneous, the district court must have a "definite and firm conviction that a mistake has been committed." *See Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quotation omitted).

**II. ANALYSIS**

The Court first notes that, while it welcomes appeals of a Magistrate Judge's order, it expects more than a recitation of the facts and the arguments that were before the Magistrate Judge in hopes of reaching the opposite outcome, particularly with respect to discovery matters where Magistrate Judges have considerable discretion. *Webb v. Ethicon Endo-Surgery, Inc.*, No. 13-1947, 2015 WL 5568022, at *4 n.2 (D. Minn. Sept. 22, 2015). Here, Plaintiff essentially recites the same facts and makes the same arguments as those presented to the Magistrate Judge, without citing case law or specifically

demonstrating what mistaken steps were made, to then proclaim that the Magistrate Judge clearly erred. The Court disagrees.

Rule 33, which governs how to serve and respond to interrogatories, gives parties the option to produce business records "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). Rule 33(d), as relevant here, directs that the responding party may answer "by specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identity them as readily as the responding party could[.]" Fed. R. Civ. P. 33(d)(1).

As such, Rule 33(d) does not require a sworn affirmation, or even a stated answer[2]—rather, the answer is "to be" derived or ascertained by the interrogating party after reviewing the responding party's business records. What Rule 33(d) really demands is that the responding party specify the pertinent records in sufficient detail to enable the interrogating party to locate and identify them just as readily as the responding party could have.

---

[2] If a party desires to have the other party admit the truth of any factual matter, like an admission by Amazon that specific product descriptions were actually used, then a party can make such a request by means of a different discovery device under a separate rule, Rule 36.

Here, Amazon provided the product descriptions that could have appeared on a product detail page during a customer visit, and the algorithm that would have decided which product description to provide. What it cannot provide is a precise accounting of whether a particular product description was actually used to populate a detail page, **[REDACTED]**. Further, as Plaintiff's expert recognized, **[REDACTED]**,[3] which further limits any ability to offer a precise accounting of which product descriptions were actually displayed.

Thus, all either party can do is work through **[REDACTED]**. Amazon has **[REDACTED]**, which Plaintiff's expert has dissected in detail and understands well with respect to **[REDACTED]**,[4] thus satisfying Amazon's obligations pursuant to Rule 33(d). Plaintiff wants more—for Amazon to connect the dots and derive which product descriptions were actually displayed on customer pages—**[REDACTED]**. Instead, both parties are left similarly **[REDACTED]**.[5]

As such, the Court finds that Magistrate Judge did not clearly err when finding that Amazon does not have the answer that Plaintiff wants, that Amazon has given Plaintiff all the responsive information that it has pursuant to Rule 33(d), that both parties are similarly positioned to derive the answer to the Interrogatory, and that the burden of

---

[3] (*See* Expert Report ¶¶ 216–18.)

[4] (*See id.* ¶¶ 209–15.)

[5] (*See, e.g.*, *id.* ¶¶ 215, 218.)

deriving or ascertaining the answer is substantially the same for either party. Thus, neither did the Magistrate Judge clearly err in denying Plaintiff's Motion to Compel.[6] Accordingly, the Court will deny Plaintiff's appeal and affirm the Magistrate Judge's order.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeal [Docket No. 375] is **DENIED**.

2. The Magistrate Judge's November 13, 2020 Order Denying Plaintiff's Motion to Compel Amazon to supplement its response to Interrogatory No. 2 regarding product descriptions [Docket No. 366] is **AFFIRMED**.

3. The parties show cause on or before seven (7) days from the date of this Order why the Court should not unseal the Order and specify any portion of the Order warranting redaction.

DATED: March 19, 2021  
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM  
                                                Chief Judge  
                                                United States District Court

---

[6] *See, e.g.*, *Kia Motors Am., Inc. v. Autoworks Distrib.*, No. 06-156, 2007 WL 9412450, at *13 (D. Minn., July 3, 2007) (citing *Spearmon v. Southwestern Bell Tel. Co.*, 662 F.2d 509, 511–12 (8th Cir. 1981)) ("Where the record shows that the answering party has substantially complied with the interrogatory, no further answer is needed.").