# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| FURNITUREDEALER.NET, INC., | Case No.: 0:18-cv-00232 (JRT/HB) |
| Plaintiff, | **PLAINTIFF FURNITUREDEALER.NET'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| AMAZON.COM, INC., and COA, INC. DBA COASTER COMPANY OF AMERICA, | |
| Defendants. | |

**REDACTED**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................... 1

ARGUMENT ............................................................................................................. 1

    **I.**      FURNITUREDEALER.NET IS ENTITLED TO SUMMARY JUDGMENT THAT IT OWNS A VALID COPYRIGHT IN THE PRODUCT DESCRIPTIONS AT ISSUE ........................................................ 1

    **II.**     FURNITUREDEALER.NET IS ENTITLED TO SUMMARY JUDGMENT ON ITS BREACH OF CONTRACT CLAIM. ........................ 5

          **A.**    FurnitureDealer.Net's Claim Is Not Preempted. ................................. 6

          **B.**    FurnitureDealer.Net's Motion Does Not Require Proof of Materiality and Damages. ................................................................ 7

    **III.**    FURNITUREDEALER.NET IS ENTITLED TO SUMMARY JUDGMENT ON COASTER'S FRAUD ON THE COPYRIGHT OFFICE DEFENSE AND DEFENDANTS' 411(B) DEFENSES. .............. 8

CONCLUSION .......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*4Brava, LLC v. Sachs*,
No. 15-cv-2743-JRT, 2017 WL 1194195 (D. Minn. Mar. 30, 2017) ........................... 5

*Cathay Indus. USA, Inc. v. Bellah*,
No. 16-cv-2070, 2018 WL 509955 (N.D. Ill. Jan. 23, 2018) .......................................... 1

*Christoff v. Paul Revere Life Ins. Co.*,
No. 17-cv-3515-JRT, 2020 WL 42833 (D. Minn. Jan. 3, 2020) .................................. 7

*Doe v. Grinnell Coll.*,
473 F. Supp. 3d 909 (S.D. Iowa 2019) ....................................................................... 5

*Eagle Shores Hosp., Inc. v. Karkos*,
No. A04-2352, 2005 WL 2207678 (Minn. Ct. App. Sept. 13, 2005) ........................... 7

*FurnitureDealer.Net, Inc. v. Amazon.com, Inc.*,
No. 18-cv-232-JRT, 2019 WL 1207011 (D. Minn. Mar. 14, 2019) ......................... 2, 3

*ITC Textile, Ltd. v. Wal-Mart Stores, Inc.*,
606 F. App'x 356 (9th Cir. 2015) ............................................................................... 1

*Morris v. Mitsubishi Motors N. Am., Inc.*,
782 F. Supp. 2d 1149 (E.D. Wash. 2011) ................................................................. 1

*Nat'l Car Rental Sys., Inc. v. Comput. Assocs. Int'l, Inc.*,
991 F.2d 426 (8th Cir. 1993) ..................................................................................... 6

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
213 F. Supp. 2d 1146 (C.D. Cal. 2002) ..................................................................... 2

*Richmond Homes Mgmt., Inc. v. Raintree, Inc.*,
862 F. Supp. 1517 (W.D. Va. 1994), *aff'd in part*, *rev'd in part on other
grounds*, 66 F.3d 316 (4th Cir. 1995) ....................................................................... 3

*Rottlund Co. v. Pinnacle Corp.*,
No. 01-cv-1980-DSD, 2004 WL 1879983 (D. Minn. Aug. 20, 2004), ....................... 8

*SYT Sols., LLC v. Burger*,
No. 20-cv-00794-JRT, 2021 WL 101123 (D. Minn. Jan. 12, 2021) ........................... 7

*Szabo v. Errisson*,
   68 F.3d 940 (5th Cir. 1995) ................................................................................... 2

*Uni Hosiery Co. Inc. v. Union Am. Int'l*,
   No. 13-cv-070308, 2013 WL 12204320 (C.D. Cal. Apr. 8, 2013) ............................... 2

*Wilson v. Westinghouse Elec. Corp.*,
   838 F.2d 286 (8th Cir. 1988) ................................................................................. 5

*Zayed v. Associated Bank, N.A.*,
   913 F.3d 709 (8th Cir. 2019) ................................................................................. 9

**Statutes**

17 U.S.C. § 410(c) ..................................................................................................... 1

17 U.S.C. § 411(b) ................................................................................................. 8, 9

**Other Authorities**

5 Patry on Copyright § 17:110 ................................................................................... 2

iii

## INTRODUCTION

Defendants' Opposition to FurnitureDealer.Net's Motion for Partial Summary Judgment ignores the undisputed factual record, relies on untimely and contradictory declarations, and asserts unsupported legal positions. FurnitureDealer.Net's Motion for Partial Summary Judgment should be granted in full.[1]

## ARGUMENT

**I.      FURNITUREDEALER.NET IS ENTITLED TO SUMMARY JUDGMENT THAT IT OWNS A VALID COPYRIGHT IN THE PRODUCT DESCRIPTIONS AT ISSUE.**

A certificate of copyright registration "***shall***" constitute *prima facie* evidence of copyright validity. 17 U.S.C. § 410(c); *ITC Textile, Ltd. v. Wal-Mart Stores, Inc.*, 606 F. App'x 356, 357 (9th Cir. 2015) (plaintiff "not required to produce further evidence of originality" where presumption of validity was unrebutted). Further, registration of a

---

[1] Throughout this case, Defendants asserted a laundry list of meritless affirmative defenses. Facing FurnitureDealer.Net's motion, they now purport to withdraw several such defenses. Dkt. 560 at 2-3. Although Amazon claims that, if asked, it "would have informed FDN that it is no longer pursuing these defenses," Defendants maintained these defenses through the close of fact discovery, even producing Rule 30(b)(6) designees to testify about them. *See, e.g.*, Dkt. 512-75 (Heaney Dep., Ex. 12); Reply Decl., Ex. 93 (Ko Dep. Vol. 1, 197:4-14, 245:4-246:19). Defendants did not file a dismissal or notify FurnitureDealer.Net of any intent to withdraw the defenses prior to summary judgment. FurnitureDealer.Net's motion as to these affirmative defenses should be granted. *See, e.g.*, *Morris v. Mitsubishi Motors N. Am., Inc.*, 782 F. Supp. 2d 1149, 1161 (E.D. Wash. 2011) (granting summary judgment in plaintiff's favor where defendant withdrew defense in response); *Cathay Indus. USA, Inc. v. Bellah*, No. 16-cv-2070, 2018 WL 509955, at *1 n.1 (N.D. Ill. Jan. 23, 2018) (same). Moreover, Defendants' conduct forcing FurniureDealer.Net to defend against these frivolous defenses will be relevant to any judgment for attorneys' fees and costs.

1

compilation serves as registration of underlying component works. *See, e.g., Szabo v. Errisson*, 68 F.3d 940, 944 (5th Cir. 1995).

Without any case law support, Defendants incorrectly argue that this presumption does not extend to the product descriptions at issue. Dkt. 560 at 11. The presumption of validity extends to all protectable elements of the work, including component works of a compilation. *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1166 (C.D. Cal. 2002) (collective work registration extended presumption to individual photos within magazine); *Uni Hosiery Co. Inc. v. Union Am. Int'l*, No. 13-cv-070308, 2013 WL 12204320, at *5 (C.D. Cal. Apr. 8, 2013) (registration of catalog extended presumption to individual designs within catalog). Indeed, the treatise cited in Defendants' opposition confirms that the ***presumption of validity applies to all*** "***material that is capable of being protected***." 5 *Patry on Copyright* § 17:110.

Consistent with this presumption, this Court already found that FurnitureDealer.Net's product descriptions are original works of authorship, and that FurnitureDealer.Net's copyright registration applies to the individual descriptions. Dkt. 91 at 11-12.

Defendants' citation to the Court's prior ruling lacks context. Dkt. 560 at 11 (citing *FurnitureDealer.Net, Inc. v. Amazon.com, Inc.*, No. 18-cv-232-JRT, 2019 WL 1207011, at *4 (D. Minn. Mar. 14, 2019)). The portion on which Defendants rely merely set forth the legal standard for determining copyrightability. Defendants ignore the portion of this Court's Order concluding that FurnitureDealer.Net's descriptions have "the creativity and originality required for copyrightability" and "the copyright of the

Automated Database extends to the [descriptions]." *FurnitureDealer.Net*, 2019 WL

1207011, at *5-6 (Dkt. 91 at 11-12).

Defendants failed to rebut the presumption that FurnitureDealer.Net owns valid

copyright in the product descriptions at issue.

First, Defendants' comparison of FurnitureDealer.Net's descriptions with one

another does not rebut the presumption. Dkt. 560 at 14-15. Even if one description

authored by FurnitureDealer.Net is derivative of another description also authored by

FurnitureDealer.Net, FurnitureDealer.Net holds a valid copyright in both descriptions.

*See Richmond Homes Mgmt., Inc. v. Raintree, Inc.*, 862 F. Supp. 1517, 1525 (W.D. Va.

1994), *aff'd in part, rev'd in part on other grounds*, 66 F.3d 316 (4th Cir. 1995) ("Where

the same creator owns both the original and derivative … the derivative work carries

forward all preexisting copyrights in the original work.").

Next, Defendants' comparison of 417 of FurnitureDealer.Net's descriptions[2] with

descriptions appearing in Coaster's catalogs does not overcome the presumption.

Dkt. 560 at 17-20. Defendants offer **no evidence** that Coaster authored the catalog

descriptions, and **no evidence** that the catalog descriptions predate FurnitureDealer.Net's

descriptions.[3] Coaster itself does not even claim to be the author of any descriptions at

---

[2] Amazon's expert compared 414 of FurnitureDealer.Net's descriptions, and
Defendants point to three additional descriptions in their brief. Dkt. 560 at 17-20.

[3] Indeed, Defendants point in their brief to several FurnitureDealer.Net product
descriptions associated with GPIDs (unique identifiers for individual furniture items)
created **prior to the publication of Coaster's Catalogs.** *Compare, e.g.*, Dkt. 508-1

issue. Reply Decl., Ex. 93 (Ko Dep. Vol. 1, 200:11-201:4, 215:8-15, 250:25-253:24).

Moreover, contrary to Defendants' misrepresentation of the record, 

Dkt. 512-03 at 1.

The presumption of validity in the product descriptions at issue stands unrebutted. The Court should grant FurnitureDealer.Net's motion that it owns a valid copyright in the asserted product descriptions. At best, Defendants only offered evidence to rebut 417 of the infringed 3,775 product descriptions. Even if the Court finds a genuine dispute of fact as to these 417 descriptions, Defendants have submitted **no evidence** to dispute FurnitureDealer.Net's ownership of a valid copyright in the remaining 3,358 product descriptions at issue. *Compare* Dkt. 578-24 (Degen Rebuttal, Ex. E) (identifying 3,775 asserted descriptions), *with* Dkt. 566-1 (Kidder Surrebuttal Excerpt) (identifying 414 of the asserted descriptions).

---

(FDN00004149) at row 5895 (create date 7/25/2012), *with* Dkt. 564 (Ko Decl. ¶19) (publication date 7/25/2014).

## II.   FURNITUREDEALER.NET IS ENTITLED TO SUMMARY JUDGMENT ON ITS BREACH OF CONTRACT CLAIM.

Under the terms of FurnitureDealer.Net and Coaster's 2010 Agreement, Coaster was required to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[4] Dkt. 512-03 at ¶D, 7. During discovery, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 512-12 (Konetzny Dep. 64:15-65:16, 67:13-25); *see also* Reply Decl., Ex. 93 (Ko Dep. Vol. 1, 59:3-15) (Coaster's 30(b)(6) designee confirming that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Coaster now seeks to avoid summary judgment by filing new witness declarations that ***directly contradict this prior testimony***. Coaster's newly filed declarations are not sufficient to create a genuine issue of material fact. *See Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 289 (8th Cir. 1988) (affidavit contradicting deposition testimony could not create genuine issue of fact at summary judgment); *4Brava, LLC v. Sachs*, No. 15-cv-2743-JRT, 2017 WL 1194195, at *9 (D. Minn. Mar. 30, 2017) (disregarding portions of a declaration that conflicted with prior testimony).

---

[4] This Court found that FurnitureDealer.Net's FAC "may fairly be read to allege that Coaster breached this provision of the Agreement by failing to refer Amazon to FDN." Dkt. 91 at 24. Moreover, Coaster ***does not dispute*** that FurnitureDealer.Net expressly identified this breach in discovery. Dkt. 53 at 27-28; Reply Decl., Ex. 92 at 12-15 (FurnitureDealer.Net's Response to Coaster's Interrogatory No. 19). There is ***no genuine dispute*** that Coaster had notice of this claim. *See Doe v. Grinnell Coll.*, 473 F. Supp. 3d 909, 932 (S.D. Iowa 2019) (denying motion for summary judgment where "Defendants were on notice of [Plaintiff's] allegation" and were not prejudiced by any alleged late disclosure).

Moreover, Mr. Konetzny testified that the very acts referenced in Coaster's improper declarations, which Coaster now contends satisfy the ███████████████ *were not* intended to ███████████████████████ Dkt. 512-12 (Konetzny Dep. 65:17-67:25). Thus, even if considered, the untimely declarations do not create a disputed issue of fact as to whether Coaster referred Amazon to FurnitureDealer.Net.

## A. FurnitureDealer.Net's Claim Is Not Preempted.

This Court already rejected Coaster's preemption argument. Dkt. 91 at 24 ("[The referral provision] creates rights different from those protected by the Copyright Act."). Nonetheless, Coaster now argues that the "purpose" of the referral provision renders FurnitureDealer.Net's breach of contract claim preempted. Dkt. 560 at 28. Coaster provides ***no citation to the record supporting its conjecture*** about the "purpose" of the provision, and Coaster's argument does not address the correct legal standard for preemption.[5] *See Nat'l Car Rental Sys., Inc. v. Comput. Assocs. Int'l, Inc.*, 991 F.2d 426, 431 (8th Cir. 1993) (breach of contract claim not preempted where the claim requires an "extra element" beyond infringement). Coaster's preemption argument once again fails.

---

[5] Nor did Coaster's 30(b)(6) witness identify any competent evidence to support this affirmative defense. *See* Dkt. 550 at 25 n.5. [6] Coaster's reliance on *Christoff v. Paul Revere Life Ins. Co.* for the proposition that the Court must "first determine what type of damages are recoverable" before deciding summary judgment on a contract claim is inapposite—that court was considering a motion for summary judgment only "***on the issue of damages***." No. 17-cv-3515-JRT, 2020 WL 42833, at *1 (D. Minn. Jan. 3, 2020).

## B.      FurnitureDealer.Net's Motion Does Not Require Proof of Materiality and Damages.

Coaster also repeats arguments in its own motion for summary judgment, asserting that its breach was not "material," and that FurnitureDealer.Net has not demonstrated damages. Dkt. 560 at 29-35. As discussed in response to Coaster's affirmative motion, FurnitureDealer.Net is not required to prove materiality of Coaster's breach, and damages are not a required element of a breach of contract claim. Dkt. 550 at 30-34; *see also Eagle Shores Hosp., Inc. v. Karkos*, No. A04-2352, 2005 WL 2207678, at *1-2 (Minn. Ct. App. Sept. 13, 2005) (materiality need not be considered where plaintiff does not seek to terminate agreement); *SYT Sols., LLC v. Burger*, No. 20-cv-00794-JRT, 2021 WL 101123, at *9 (D. Minn. Jan. 12, 2021) (damages not a required element).[6]

Coaster also cites cases for the proposition that attorneys' fees are not recoverable by a prevailing party as a matter of right. FurnitureDealer.Net does not seek such recovery merely because it is a prevailing party. Rather, it seeks fees and costs incurred in litigation that was "necessitated by the act of the party sought to be charged." *See* Dkt. 505 at 26 n.6. Coaster's breach of the referral provision necessitated litigation to remove infringing content from Amazon.com.

---

[6] Coaster's reliance on *Christoff v. Paul Revere Life Ins. Co.* for the proposition that the Court must "first determine what type of damages are recoverable" before deciding summary judgment on a contract claim is inapposite—that court was considering a motion for summary judgment only "**on the issue of damages**." No. 17-cv-3515-JRT, 2020 WL 42833, at *1 (D. Minn. Jan. 3, 2020).

7

## III.   FURNITUREDEALER.NET IS ENTITLED TO SUMMARY JUDGMENT ON COASTER'S FRAUD ON THE COPYRIGHT OFFICE DEFENSE AND DEFENDANTS' 411(B) DEFENSES.

The defense of fraud on the copyright office, codified at 17 U.S.C. § 411(b), requires "knowledge" that an inaccurate statement in a copyright application was inaccurate. *Rottlund Co. v. Pinnacle Corp.*, No. 01-cv-1980-DSD, 2004 WL 1879983, at *13 (D. Minn. Aug. 20, 2004) (fraud on the copyright office requires showing of "intent to defraud"). Coaster failed to identify *any* evidence that FurnitureDealer.Net knowingly made inaccurate statements in connection with its copyright application. For this reason alone, FurnitureDealer.Net is entitled to summary judgment on Coaster's claim for fraud on the copyright office, as well as Defendants' affirmative defense under 17 U.S.C. § 411(b).

During discovery, Coaster failed to identify *any* factual basis for its affirmative defense of fraud on the copyright office, which itself is grounds to grant FurnitureDealer.Net's motion. Dkt. 512-90 (Ko Dep. Vol. 2, 76:11-77:8). Additionally, the statements Coaster identifies as "false" in Defendants' brief were accurate statements.

As extensively detailed in FurnitureDealer.Net's previous briefing, FurnitureDealer.Net's copyright application did not contain inaccurate information. *See e.g.*, Dkt. 505 at 16-21; Dkt. 445 at 5-7; Dkt. 544 at 38-49; Dkt. 608 at 3-10. Even if there were some inaccurate information, Coaster cites *no evidence* that FurnitureDealer.Net submitted such information knowing it to be inaccurate. Coaster's only arguments as to FurnitureDealer.Net's knowledge or intent are wildly speculative and unsupported. *See* Dkt. 560 at 38, 41.

To survive summary judgment, Coaster must identify facts sufficient to raise a genuine issue of material fact. *Zayed v. Associated Bank, N.A*., 913 F.3d 709, 714 (8th Cir. 2019). Coaster's failure to cite ***any*** facts supporting a necessary element of its fraud on the copyright office defense, coupled with its admission that it is not aware of any such facts, entitles FurnitureDealer.Net to summary judgment. Moreover, aside from a single conclusory sentence, neither Amazon nor Coaster address their affirmative defenses under 17 U.S.C. § 411(b) (Dkt. 560 at 12), and FurnitureDealer.Net's motion should be granted as to those defenses as well.

## CONCLUSION

For the foregoing reasons, FurnitureDealer.Net's Motion for Partial Summary Judgment should be granted.

9

Dated: July 30, 2021

By:  */s/ John K. Harting*

Christopher K. Larus (0226828)
John K. Harting (0392234)
Jessica Gutierrez Alm (0396359)
Vivek Biswas (0401163)
Francois O. Ecclesiaste (0397444)
Ellen K. Levish (0400878)

**Robins Kaplan LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone:    (612) 349-8500
Facsimile:    (612) 339-4181

*Counsel for Plaintiff*
*FurnitureDealer.Net, Inc.*